IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FLAGSTAR BANK, FSB, | CIVIL NO. 11-00309 JMS/RLP |
| Plaintiff, | ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION |
| vs. | |
| HANK AKI; WELLS FARGO FINANCIAL BANK; SAXON FUNDING MANAGEMENT, INC.; ET AL., | |
| Defendants. | |
| HANK AKI and ALISON AKI, | |
| Third-Party Plaintiffs, | |
| vs. | |
| WINDSOR CAPITAL MORTGAGE, INC., aka ORION PACIFIC and/or ORION PACIFIC MORTGAGE; ET AL., | |
| Third-Party Defendants. | |

## ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION

### I. INTRODUCTION

Third-Party Defendants U.S. Bank Trust National Association ("U.S. Bank"); Vericrest Financial, Inc. ("Vericrest"); MERSCORP, Inc.; and Mortgage

Electronic Registration System, Inc. ("MERS") (collectively "Removing Third-Party Defendants") removed this action under 28 U.S.C. §§ 1441(a) & 1441(c) from the Third Circuit Court of the State of Hawaii, after the Amended Third-Party Complaint filed against them asserted both federal and supplemental state law claims. The court, reviewing whether it has subject-matter jurisdiction over this action, *sua sponte* raised the question whether a third-party defendant may remove a case to federal court. *See* Doc. No. 4. After considering briefing from the parties, the court REMANDS the action to state court for lack of subject matter jurisdiction.

## II. BACKGROUND

On July 13, 2009, Plaintiff Flagstar Bank, FSB ("Flagstar") filed a Complaint to Foreclose Mortgage against Hank Aki, Wells Fargo Financial Bank, and Saxon Funding Management in the Third Circuit Court, State of Hawaii. Doc. No. 1-1. The Complaint alleges that Hank Aki has defaulted on obligations stemming from a refinancing transaction, such that Flagstar is entitled to foreclose. *Id.* at 4. The Complaint further alleges that Flagstar was assigned the mortgage from Orion Pacific through the use of MERS. *Id.* at 3-4.

On November 15, 2010, Hank Aki and Alison Aki (a joint owner of the property at issue) filed a counterclaim against Flagstar and a Third-Party

Complaint against Orion Pacific. Doc. No. 1-2, at 9. The Third-Party Complaint alleged a variety of state and federal claims arising out of the mortgage refinancing transaction, including claims for violations of the Real Estate Sales Procedures Act and the Truth In Lending Act. *Id.* at 11. Among other claims, it sought to declare the foreclosure proceedings invalid. *Id.* at 21, 43.

The Third-Party Complaint was amended on March 30, 2011, and asserted claims against the Removing Third-Party Defendants and Windsor Capital Mortgage, Inc. aka Orion Pacific ("Windsor/Orion"). *Id.* at 50; Doc. No. 10-3, at 1. Windsor/Orion is allegedly the original lender, but has apparently not been served and is thus not among the Removing Third-Party Defendants. The Amended Third-Party Complaint, like the prior version, asserts state and federal claims arising from the refinancing transaction and the foreclosure proceedings. It further alleges that Vericrest was a loan servicer, and U.S. Bank was a subsequent owner of the mortgage. Doc. No. 10-3, at 3-4. It also added a claim for violation of the Clayton Antitrust Act. *Id.* at 28.

After service of the Amended Third-Party Complaint, the Removing Third-Party Defendants filed a Notice of Removal on May 12, 2011 under 28 U.S.C. § 1441, and the entire action was removed to this court. Doc. No. 1. On May 13, 2011, the court *sua sponte* raised the question whether the removal was

proper such that the court lacked subject matter jurisdiction, and ordered the Removing Third-Party Defendants to show cause why the action should not be remanded to State court. Doc. No. 4. The Removing Third-Party Defendants filed a Memorandum in Response on June 13, 2011. Doc. No. 10. Flagstar joined in that Response. Doc. No. 11. Third-Party Plaintiffs filed a Statement of No Position. Doc. No. 13.

### III. **DISCUSSION**

The Removing Third-Party Defendants' Notice of Removal invoked both 28 U.S.C. § 1441(a) and § 1441(c) as bases for removal. Doc. No. 1, at 3. The court examines the propriety of removal under each provision separately.[1]

**A.    Section 1441(a)**

Section 1441(a) provides

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

---

[1] Improper removal by a third-party defendant implicates federal subject matter jurisdiction. *See, e.g.*, *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 460-61 (6th Cir. 2002) ("[B]ecause third-party defendants cannot remove cases to federal court . . . the district court never had subject matter jurisdiction over the removed case."); *Gola v. City of Phila.*, 2011 WL 2313147, at *5 (E.D. Pa. June 13, 2011) (remanding action removed by a third-party defendant, stating that "the removal defect [] is jurisdictional in nature"); *Aramid Entm't B.V. v. Bontempo Holdings, LLC*, 2011 WL 71441, at *4 (C.D. Cal. Jan. 7, 2011) ("Third Party Defendants have failed to establish a basis for subject matter jurisdiction or their right to remove this action."); *United Collection Serv., Inc. v. Donaldson*, 2006 WL 1307899, at *1 (W.D. Wash. May 9, 2006) (remanding action removed by third-party defendant, "conclud[ing] that [the court] lacks subject matter jurisdiction over this action").

4

> original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (emphasis added). The vast majority of courts (including a judge in this district) has interpreted § 1441(a) to mean that a third-party defendant may not remove an action. *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("The majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a)."); *Palisades Collection LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008) ("For more than fifty years, courts . . . have consistently refused to grant removal power under § 1441(a) to third-party defendants[.]"); *Schmidt v. Ass'n of Apartment Owners of Marco Polo Condo.*, 780 F. Supp. 699, 702 (D. Haw. 1991) ("The majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints.").

Although the Ninth Circuit has not directly addressed the question, caselaw indicates it follows the well-accepted majority view. Most recently, *Westwood Apex v. Contreras*, --- F.3d ---, 2011 WL 1744960, at *5 (9th Cir. May 2, 2011), held that a provision of the Class Action Fairness Act of 2005, 28 U.S.C. § 1453(b), did not *change* the accepted understanding that third-party defendants

5

(or counter-claim defendants) may not remove an action to federal court. In so holding, the Ninth Circuit recognized "the established legal principle" that § 1441(a) does not grant removal power to third-party defendants. *See id.* at *8 (Bybee, J. concurring); *see also Ribelin Lowell & Co. Ins. Brokers of Alaska, Inc. v. Shipowners Mut. Prot.*, 365 F. Supp. 2d 1063, 1064 (D. Alaska 2005) (remanding action removed by third-party defendant, noting that the Ninth Circuit interprets § 1441(a) as vesting the right to remove "exclusively" with "defendants") (citing *Yakama Indian Nation v. Wash. Dept. of Revenue*, 176 F.3d 1241, 1249 (9th Cir. 1999)).

Accordingly, this court follows the established principle -- § 1441(a) does not furnish a basis for the Third-Party Defendants to have removed the action.

**B.    Section 1441(c)**

*1.    Section 1441(c) Does Not Authorize Removal*

Nevertheless, Removing Third-Party Defendants assert that they were entitled to remove this action under 28 U.S.C. § 1441(c), which states:

> Whenever *a separate and independent claim or cause of action* within the jurisdiction conferred by section 1331 of this title is *joined* with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

6

(Emphases added.)  The Third-Party Defendants ask this court to follow a view adopted in the Fifth Circuit, allowing removal if a third-party complaint asserts "separate and independent claims."  *See Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135-36 (5th Cir. 1980) (reasoning that "the more rational view" is to permit removal on the basis of a third-party claim where a separate and independent controversy is stated), *superseded on other grounds by* Judicial Improvements Act of 1990, Pub. L. 101–650 (amending § 1441(c) to prohibit removal based on diversity jurisdiction).

The Fifth Circuit, however, stands alone in allowing removal of an action based on such a third-party complaint.  Most courts disagree with the Fifth Circuit and have held that § 1441(c) -- as with § 1441(a) -- does not allow removal by third-party defendants.  *See First Nat'l Bank of Pulaski*, 301 F.3d at 464-65 (interpreting "joined" in § 1441(c) to refer only to claims by the original plaintiff); *see also Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991); *Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984).  Although the Ninth Circuit has not addressed removal by third-party defendants under § 1441(c), district courts in this circuit -- again including this district -- follow the majority view established by the Sixth, Seventh and Eighth Circuits.  *See Schmidt*, 780 F. Supp. at 704 ("This Court finds the majority position of not allowing removal by third-party defendants

7

[under § 1441(c)] to be the better approach"); *Ciolino v. Ryan*, 2003 WL 21556959, at *5 (N.D. Cal. July 9, 2003) ("[T]he Court is persuaded that the prevailing view is the correct one: removal by a third-party defendant is not permitted under 28 U.S.C. § 1441(c).").

Leading civil procedure treatises likewise endorse the majority view. *See* 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.11(1)(b)(iv), at 107-36 (3d ed. 2011) ("The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove."); 14B Charles Alan Wright, et al., *Federal Practice and Procedure: Jurisdiction* § 3722.3, at 616 (4th ed. 2009) ("A majority of the considerable number of cases decided by the courts . . . have concluded that a third-party defendant . . . is not entitled to remove the case utilizing Section 1441(c).").

The court applies the majority approach, finding it better reasoned. Section 1441(c) does not apply.

### 2. *There Is No "Separate and Independent Claim" under the Minority View*

Moreover, even if this court would follow the Fifth Circuit's approach, it would still remand -- the Third-Party Complaint here is not "separate

8

and independent." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951), concluded that removal of a complaint had been improper under § 1441(c), holding that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." Similarly, "[w]here recovery in the allegedly removable claim is dependent on the result in the non-removable claim, the claims are not separate and independent within the meaning of § 1441(c)." *Milton S. Hershey Med. Ctr. v. Grinnage*, 2007 WL 4198434, at *3 (M.D. Pa. Nov. 20, 2007) (quotation marks and citation omitted).

Here, Flagstar's Complaint against Hank Aki seeks to foreclose on a note and mortgage resulting from a refinancing transaction with Orion Pacific. The Complaint alleges that Flagstar is entitled to foreclose because "[a]n assignment of mortgage is pending recordation between [MERS] solely as nominee for ORION PACIFIC . . . and [Flagstar], and will be recorded as soon as counsel for Plaintiff receives the same." Compl. ¶ 8, Doc. No. 1-1, at 4. The Amended Third-Party Complaint (combined with a counterclaim against Flagstar) alleges a variety of claims against Orion Pacific ("Windsor Capital Mortgage Inc., aka Orion Pacific") and MERS, among other third-party defendants, all arising from both the refinancing transaction and the foreclosure. It alleges, among other things, that the

9

refinancing transaction was fraudulent and the Flagstar does not have the proper ownership interest to foreclose. Amended Third-Party Compl. at 9, 22, 39, 57, Doc. No. 10-3.

Whether or not relief is possible under the Amended Third-Party Complaint, it alleges claims that depend upon the allegations in the Complaint. The Complaint alleges "a single wrong" for which foreclosure is sought that arises from "an interlocked series of transactions," and the Amended Third-Party Complaint arises from these same "interlocked series of transactions." *Finn*, 341 U.S. at 14. In part, it "seek[s] to set aside the very transactions that form the basis of the primary action." *LaSalle Bank Nat'l Ass'n v. Murray*, 2009 WL 3485707, at *1 (W.D. Mich. Oct. 28, 2009). In *Murray* -- similar to here -- the district court remanded a foreclosure action because third-party claims were not "separate and independent" under § 1441(c) where "the third-party complaint expressly asks the Court to set aside the sheriff's sale and the mortgage on which the foreclosure is based." *Id. See also Arrow Fin. Servs., LLC v. Massil*, 2009 WL 348553, at *7 (E.D.N.Y. Feb. 11, 2009) (interpreting (1) a complaint to collect a debt against a defendant, and (2) the defendant's third-party complaint for violations of, among other claims, the Truth in Lending Act, to "revolve around the same primary facts, forming 'an interlocked series of transactions' under *Finn*" such that removal was

improper under § 1441(c)).

Under the preceding caselaw, which the court finds persuasive, the Amended Third-Party Complaint at issue here is not "separate and independent" from the Complaint. Accordingly, even if the court were to follow the Fifth Circuit's approach in *Carl Heck*, removal was improper under § 1441(c).

## IV. **CONCLUSION**

For the foregoing reasons, this action is REMANDED to the Circuit Court of the Third Circuit, State of Hawaii, for lack of subject matter jurisdiction. The Clerk of Court shall terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Flagstar Bank, FSB v. Aki et al.*, Civ. No. 11-00309 JMS/RLP, Order Remanding Action to State Court for Lack of Subject Matter Jurisdiction